IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| DAVID PINION, <br> RICKY LANDRUM, <br><br> Plaintiffs, <br><br> v. <br><br> MARK ROBINSON, and <br> EXTREME SURFACE CLEANING, LLC <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CAFN: 3:12-cv-144-TCB |

## COMPLAINT

COMES NOW, Plaintiffs, by and through their undersigned counsel of record, and bring this Complaint pursuant to provisions of the Fair Labor Standards Act (29 U.S.C. Section 201 et seq. (hereinafter, "FLSA" or "the Act") and show the Court as follows:

### Introduction

This action is brought Plaintiffs against Defendants for declaratory, injunctive, and equitable relief together with an award of back pay, liquidated damages, and attorney's fees and other appropriate relief on account of violations of the Act.

### Jurisdiction

1.

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C.

Section 1331 (federal question), and Section 1337 (commerce).

## Venue

2.

Venue is properly lodged in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendants either resides or transacts business in the Northern District of Georgia and the unlawful employment practices alleged herein were and continue to be committed in the Northern District of Georgia, Newnan Division.

## Parties

3.

Plaintiffs are citizens and residents of the State of Georgia.

4.

Defendant Mark Alan Robinson is CEO of Defendant Extreme Cleaning, LLC. Defendant Extreme Cleaning, LLC is a domestic corporation authorized to do business in Georgia and at all times pertinent to this action is or was licensed/authorized to do business in this judicial district. Unless service is waived, Defendants may be served with Summons and Complaint through its registered agent, Mark Alan Robinson, 310 Barrington Grange Farm, Sharpsburg, Georgia 30277.

## **FACTS**

5.

Plaintiffs were employees engaged in commerce by cleaning buildings and sidewalks in several States within the United States.

6.

Plaintiffs were employed by Defendants, an enterprise engaged in commerce, *i.e.* a pressure-washer cleaning firm regularly engaged in commerce both in and without the State of Georgia.

7.

Defendants are primarily engaged in cleaning buildings and sidewalks.

8.

Upon information and belief, Defendants had gross revenues in excess of $500,000 in each of the years 2009, 2010, and 2011.

9.

Defendants is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of Defendants in its interactions with Plaintiffs and controlled the terms and conditions of employment of Plaintiffs and on a day-to-day basis.

10.

Plaintiffs' work period consisted of a seven-day calendar week beginning on Sunday and ending on Saturday.

11.

Defendants paid Plaintiffs on an hourly basis but classified same as exempt from the overtime requirements of the FLSA.

12.

All of Plaintiffs' pay stubs reflect same were paid by the hour.

13.

Throughout Plaintiffs' employment with Defendant, each is routinely scheduled to work in excess of forty (40) hours per week and each routinely works in excess of forty (40) hours per week.

14.

Plaintiffs were required to report to work on a daily basis at the location of the tools and instruments needed to perform the day's tasks, namely 310 Barrington Grange Farm, Sharpsburg, Georgia 30277, the home of Defendants. Defendants failed to pay Plaintiffs any amount for the travel time incurred between picking up the necessary tool and equipment, getting into a company van, then traveling to the work location. Defendants also failed to pay Plaintiffs the return trip back to 310 Barrington

Grange Farm, Sharpsburg, Georgia. On average Plaintiffs traveled between 2 and 3 hours per day.

15.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

16.

Plaintiffs were required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

17.

Defendants knew or should have known that the FLSA applied to Plaintiffs.

18.

Upon information and belief, in failing or refusing to pay Plaintiffs overtime as required by the FLSA, Defendants has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs were not entitled to overtime.

19.

Defendants have refused to adequately compensate Plaintiffs for work in excess of forty hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

20.

Defendants are liable to Plaintiffs for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

21.

Defendants' conduct constitute willful violations of § 207 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

### CLAIMS FOR RELIEF
### COUNT ONE
### VIOLATION OF 29 U.S.C. § 207
### (Overtime Violations)

22.

Paragraphs 1 through 21 are incorporated herein by this reference.

23.

Defendants' failure to compensate Plaintiffs for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated

damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation.

**WHEREFORE**, Plaintiffs requests that this Court:

(a) Take jurisdiction of this matter;

(b) Issue an Order holding Defendants to be an "employer" as that term is defined under the FLSA;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that the provisions of the FLSA covered Plaintiffs and that Defendants have failed to comply with same;

(e) Award Plaintiffs proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiffs, as required by the FLSA;

(f) Award Plaintiffs prejudgment interest on all amounts owed;

(g) Award each Plaintiff reasonable attorney's fees and costs; and

(h) Award any and such other further relief this Court deems just, equitable and proper.

THE BARNETT LAW FIRM, P.C.


/s/ Stacy Barnett
Stacy Barnett, Esq.
Ga. Bar Number 039253

253 Washington Avenue, NE
Marietta, Georgia 30060
770 693 1633 P
770 720 9522 P
770 693 1861 F
sbarnett@barnettlawfirmpc.com