# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Mark Robinson and Extreme Cleaning, Inc. and (collectively referred to herein as "Robinson") and David Pinion and Ricky Landrum ("Pinion and Landrum").

## RECITALS

WHEREAS, Pinion and Landrum has filed a civil action against Robinson and Extreme Surface Cleaning, Inc. alleging overtime pay violations by Robinson and Extreme Surface Cleaning, Inc.; and

WHEREAS, a bona fide dispute exists between the parties as to how much overtime compensation and related damages would be due; and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid further legal fees and expenses of litigation;

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

**1.      Consideration.**  Robinson and Extreme Cleaning, Inc., agree to pay the total sum of Twenty-Thousand Dollars ($20,000.00) in consideration for Pinion and Landrum's compliance with their obligations under this Agreement.  The amount of $8,455.97.00 will be allocated to Pinion and Landrum for attorneys' fees and costs and a check in that amount will be issued payable to his attorneys, The Barnett Law Firm, P.C.  A 1099 tax form will be issued directly to The Barnett Law Firm, P.C. (Fed Tax ID No. 58-2505283) for that amount.  The amount of $4617.62 will be allocated to Pinion as liquidated and other non-wage items.  A 1099 tax form will be issued to Pinion for that amount.  The remaining amount of $4,617.62 will be subject to all applicable statutory deductions in accordance with normal payroll procedures and a W-2 tax form will be issued to Pinion for that amount. The amount of $1154.40 will be allocated to Landrum as liquidated and other non-wage items.  A 1099 tax form will be issued to Landrum for that amount.  The remaining amount of $1,154.40 will be subject to all applicable statutory deductions in accordance with normal payroll procedures and a W-2 tax form will be issued to Landrum for that amount.   These payments will be made and delivered to the offices of The Barnett Law Firm, P.C. no later than May 27, 2014.  Pinion and Landrum agrees to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by them on the liquidated damages portion, and each will hold harmless and indemnify Robinson and Extreme Surface Cleaning, Inc. against the assertion of any claim for any such taxes, assessments, or related interest or penalties.  Pinion and Landrum acknowledge that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement.

Robinson and Extreme Surface Cleaning, Inc., Inc. shall execute a consent judgment for the amount of Twenty-Thousand ($20,000.00) in Pinion and Landrum's favor, reflecting joint and several liability for this amount and shall deliver the executed consent judgment to the offices of The Barnett Law Firm, P.C., no later than May 28, 2014.  Pinion and Landrum's

attorney, Stacy Barnett shall not file the consent judgment unless and until Robinson and Extreme Cleaning, Inc., fail to make the payment of $20,000 by May 27, 2014.  If the payment of the $20,000 is made in full by May 27, 2014 as required by this Agreement, Stacy Barnett shall destroy the consent judgment and it shall forever have no effect.  However, if the payment of $20,000 is not made in full by May 28, 2014, Mr. Barnett shall have the right to file the consent judgment with the court, invalidate this agreement in its entirety and seek all legal methods to collect the $20,000, along with attorney's fees and costs of collection as allowed by law.' The consent judgment is annexed as Exhibit "A".

The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

**2.     Pinion and Landrum's Full and Complete Release.**  In consideration for this Agreement, Pinion and Landrum hereby settles, waives, releases and discharges all claims whatsoever against Robinson and Extreme Surface Cleaning, Inc., and any related companies, successors and assigns, owners, officers, directors, agents, and employees of any such entity, with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Pinion and Landrum may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

    a.     arising from Pinion and Landrum's employment with Robinson and Extreme Surface Cleaning, Inc.;

    b.     based on discrimination, retaliation or harassment on the basis of age, race, religion, sex or disability under any federal, state or local anti-discrimination laws or common laws relating to discrimination in employment or otherwise regulating the employment relationship, or affecting the health or safety of employees in the workplace;

    c.     based on any oral, written or implied contract, tort, promissory estoppel, or public policy; and

    d.     relating to any wages, pay, overtime, compensation, attorneys' fees, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

This Agreement does not release any right or claim which may arise after the date of this Agreement nor does it extend to vested benefits, if any.

Pinion and Landrum further agrees that within ten (10) business days of receiving the payments required in paragraph 1 of this Agreement, they will file a Stipulation of Dismissal with Prejudice, with each side to bear its own costs and attorneys' fees, in the lawsuit they filed against Robinson and Extreme Surface Cleaning, Inc., Civil Action File No.12CV144, pending in the United States District Court of Northern Georgia, Newnan Division, and agree not to sue or otherwise assert or attempt to assert, or to authorize anyone else to do so on their behalf, any claims released herein.  Pinion and Landrum further agrees not to become a member of any class

suing Robinson and Extreme Surface Cleaning, Inc. (or the other parties released) on any claims released herein.

**3.     Robinson and Extreme Surface Cleaning, Inc.'s Full and Complete Release.** In consideration for this Agreement, Robinson and Extreme Surface Cleaning, Inc. hereby settles, waives, releases and discharges all claims whatsoever against Pinion and Landrum with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Robinson and Extreme Surface Cleaning, Inc. may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed.

**4.     Modification.**  No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Pinion and Landrum and an authorized representative of Robinson and Extreme Cleaning, Inc.  This Agreement constitutes a single, integrated written agreement containing the entire understanding between Pinion and Landrum and Robinson and Extreme Surface Cleaning, Inc. regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

**5.     Confidentiality.**  Unless otherwise required by law or pursuant to court order, Pinion and Landrum agrees to keep the subject matter of this Agreement, and the terms and the amount of the consideration, absolutely confidential forever.  Pinion and Landrum represents that she has not disclosed the subject matter or terms of this Agreement or the amount of the consideration at any time before execution of the Agreement.  Pinion and Landrum agrees not to discuss anything about this Agreement with anyone (other than her immediate family members and attorney or other adviser she consults for professional advice, and all such persons shall be apprised of the provisions of this paragraph and agree to be bound by them prior to making any disclosures to them), and Pinion and Landrum will not authorize anyone to discuss anything about this Agreement, including all of the matters that she agreed to keep confidential. Notwithstanding this paragraph, she may disclose that "the matter has been resolved."

**6.     Non-Admissions.**  This Agreement does not constitute an admission by any party that they have violated any law.

**7.     Acknowledgment.**   By signing this Agreement, Pinion and Landrum acknowledges and warrants that:

   a.     Pinion and Landrum has carefully read and fully understand every provision of this Agreement, including, without limitation, the release of all claims listed in paragraph two (2) above;

   b.     Pinion and Landrum is represented by counsel and had the opportunity to consult with counsel before signing this Agreement; and

   c.     Pinion and Landrum accepts this Agreement knowingly and voluntarily, and they were not intimidated, coerced or pressured.

**8.** Pinion and Landrum represent and warrant that they are authorized to execute this Agreement and they have not otherwise assigned, transferred or pledged all or any portion of the claims hereby released.

**9.** This Agreement may be executed in counterparts and a facsimile signature shall be valid as if it were an original.

**PINION AND LANDRUM DECLARE THEY HAVE CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTAND THIS AGREEMENT, AND EXECUTE THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

_____
David Pinion

_____
Ricky Landrum

_____
Date

_____
Mark Robinson, on behalf of himself and Extreme Surface Cleaning, Inc.

_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| DAVID PINION, | * | |
| RICKY LANDRUM, | * | |
| | * | |
| Plaintiffs, | * | CAFN: 3:12-CV-00144-TCB |
| | * | |
| v. | * | |
| | * | |
| MARK ROBINSON, and | * | |
| EXTREME SURFACE CLEANING, LLC | * | |
| | * | |
| Defendants. | * | |

**CONSENT JUDGMENT**

1.

On or about 12/5/2012 , David Pinion and Ricky Landrum ("Pinion and Landrum") filed a Complaint in this Court, seeking relief for alleged violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Defendants no longer dispute the allegations.

2.

As a consequence of Defendants' conduct as set forth in the Complaint, Pinion and Landrum has suffered monetary damages.

3.

WHEREFORE, it is hereby consented, stipulated and decreed that judgment is entered against Defendants in the amount of Twenty-Thousand Dollars ($20,000). Defendants are jointly and severally liable for this amount.

This 22nd day of May, 2014

_____
JUDGE TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

CONSENTED TO:
Mark Robinson

_____
Mark Robinson, on behalf of himself Individually And on behalf of Robinson and Extreme Surface Cleaning, Inc.

_____
Date